UNITED STATES DISTRICT COURT **CV 13 - 0276**
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL B. COHEN, individually and on behalf of other persons similarly situated who were employed by WORLD FINANCIAL GROUP, INC. and/or any other entities affiliated with or controlled by WORLD FINANCIAL GROUP, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> WORLD FINANCIAL GROUP, INC., and/or any other entities affiliated with or controlled by WORLD FINANCIAL GROUP, INC., <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **ROSS, J.** <br><br> **GOLD, M.J.** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP and Leeds Brown Law, P.C, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law Article 19 § 663, New York Labor Law Article 6 §§ 190 *et seq.*, 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2, to recover unpaid wages and overtime wages owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by WORLD FINANCIAL GROUP, INC. and/or any other entities affiliated with or controlled by WORLD FINANCIAL GROUP, INC. (hereinafter referred to as "WFG" or "Defendants").

2.    Beginning in approximately January of 2007 and, upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiff and other similarly situated individuals who worked for Defendants in the business of selling securities and insurance or training to be in the business of selling securities and insurance.

3.    Beginning in approximately January 2007 and, upon information and belief,

continuing through the present, Defendants have wrongfully classified Plaintiff and other similarly situated employees as exempt from minimum and overtime wages.

4.      Beginning in approximately January 2007 and, upon information and belief, continuing through the present, Defendants have failed to provide minimum wage and overtime compensation to its employees for all hours worked in excess of 40 hours in any given week.

5.      Plaintiff has initiated this action seeking for himself and on behalf of all similarly situated employees, all compensation, including minimum wage and overtime compensation, which they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

7.      Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

8.      Plaintiff MICHAEL B. COHEN is an individual who is currently a resident of New York and was employed by Defendants as an associate and cold caller from approximately June 2009 through May 2010.

9.      Upon information and belief, Defendant WFG is a foreign limited liability company doing business in New York, organized and existing under the laws of the State of Delaware, with its principal place of business at 11315 Johns Creek Parkway, Georgia, 30097 and is engaged in the business of marketing financial and insurance services and products.

10.     Upon information and belief, WFG is a wholly owned subsidiary of AEGON.

11.     Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

12.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

13.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 12 hereof.

14.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

15.     This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who worked for Defendants as financial product marketers, financial product marketer associates and cold callers.

16.     Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and / or plan to violate the FLSA by (1) failing to pay all earned wages; (2) misclassifying Plaintiffs and members of the putative collective as exempt from minimum wage and overtime compensation; (3) failing to provide minimum wages for work performed by Plaintiffs and other members of the putative collective; and (4) failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

17.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 500 employees. In addition, the names

of all potential members of the putative class are not known.

18.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include, but are not limited to, (1) whether Defendants failed to pay Plaintiff and members of the putative class all earned wages; (2) whether the Defendants misclassified Plaintiff and members of the putative class as exempt from overtime; (3) whether the Defendants required Plaintiff and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated; and (4) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week in violation of federal and state law.

19.    The claims of the named Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay all earned wages, misclassifying their employees as exempt, and of refusing to pay employees overtime wages.  The Plaintiff and the putative class members thus have sustained similar injuries as a result of the Defendants' actions.

20.    The named Plaintiff and counsel will fairly and adequately protect the interests of the putative class.  Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

21.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Plaintiff and members of the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.  A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

22.     Upon information and belief, beginning in or around January 2006, the Defendants employed numerous individuals across the United States to market and sell insurance and financial products.

23.     Upon information and belief, under 29 U.S.C § 201, *et seq.*, and the cases interpreting the same, WFG constitutes an "enterprise engaged in commerce."

24.     Upon information and belief, Defendants' typical plan and procedure for recruiting new financial product marketers involved employing individuals who had not yet been licensed by the National Association of Securities Dealers / FINRA as general securities representatives.

25.     Plaintiff and, upon information and belief, others similarly situated, were required to pay for training materials and registration fees while studying to become licensed by FINRA, and were not compensated by Defendants.

26.     Upon further information and belief, during this time period, Plaintiff and others similarly situated were required to perform work for and on behalf of Defendants without compensation.

27.     Plaintiff and, upon information and belief, others similarly situated, performed services including (but not limited to) making "cold calls" to market and sell financial and insurance products, assuring that client trades were successfully processed, and developing a book of business.

28.     Plaintiff and, upon information and belief, others similarly situated, sometimes worked more than forty hours in a week. Plaintiff and, upon information and belief, others similarly situated, were not compensated for any time spent working past forty hours in a week.

29.     Upon information and belief, while working for Defendants, Plaintiff and the

members of the putative class were required to perform work for Defendants without receiving overtime compensation as required by applicable federal and state law.

30.     Plaintiff and all members of the putative class constituted "employees" as that term is defined in Article 6 and Article 19 of the New York Labor Law and in 12 NYCRR 142-2.14, and under the Fair Labor Standards Act.

31.     Any payments made to Plaintiff and other members of the putative class by Defendants constitute "wages" as that term is defined under Article 6 and Article 19 of the New York Labor Law.

32.     Upon information and belief, while working for Defendants, Plaintiff and the members of the putative class did not receive all earned wages at their regular hourly wage rate.

33.     Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class did not receive all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

34.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

35.     Named Plaintiff Michael B. Cohen worked for Defendants as an associate financial product marketer / cold caller between June of 2009 until May of 2010. Plaintiff Cohen typically reported to WFG's offices, located at 189 Montague Street, Suite 220 in Brooklyn, New York, several times a week to attend mandatory meetings.  Plaintiff Cohen was required to pay for training materials and registration fees while he studied to become a licensed securities broker.

36.     While he was studying to become a licensed securities broker, Plaintiff Cohen

was required to work for Defendants approximately four to six hours each day, five to seven days per week. Although he was not compensated by Defendants during this time, he was required to make "cold calls" for the purposes of soliciting sales of financial products. If recipients expressed interest, Plaintiff Cohen was required to hand the call along to a senior broker. If a call resulted in the sale of financial products, Plaintiff Cohen did not receive a percentage of the commission because he was not eligible until he obtained his license. As such, Plaintiff Cohen never received any compensation for work performed on behalf of Defendants.

37.     Plaintiff Cohen sometimes worked more than 40 hours each week, but did not receive overtime wages at time and one-half his regular hourly wage for all the hours over 40 that he worked each week.

38.     While employed by Defendants, Plaintiff Cohen did not have any managerial duties.  He was not responsible for decisions regarding the hiring, firing, demotion or promotion of employees.

39.     Plaintiff Cohen did not exercise independent judgment and discretion on matters of significance while employed by Defendants.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

40.     Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 39 hereof.

41.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12

-7-

months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

42.     WFG Financial, is an employer, within the meaning contemplated under U.S.C. § 203(d).

43.     Plaintiff and other members of the putative collective are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

44.     Plaintiff and other members of the putative collective, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

45.     None of the exemptions of 29 U.S.C. § 213 applies to Plaintiff or other similarly situated employees.

46.     Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiff and other members of the putative collective minimum wages for hours worked in any given week.

47.     Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative collective their rightfully-owed wages was willful.

48.     By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK MINIMUM WAGE COMPENSATION

49.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 48 hereof.

50.     Pursuant to 12 NYCRR 137-1.2, "[t]he basic minimum hourly rate shall be: (a)

$5.15 per hour on and after March 31, 2000; (b) $6.00 per hour on and after January 1, 2005; (c) $6.75 per hour on and after January 1, 2006; (d) $7.15 per hour on and after January 1, 2007; (e) $7.25 per hour on and after July 24, 2009; or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

51.     Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

52.     As persons employed for hire by Defendants, the Named Plaintiff and other members of the putative class are "employees," as understood in Labor Law § 651.

53.     Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

54.     Pursuant to New York Labor Law §§ 650 *et seq.*, as an entity that hired the Named Plaintiff and other members of the putative class, WFG constitutes an "employer."

55.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

56.     In failing to pay Plaintiff and other members of the putative class minimum wages for all hours worked, Defendants violated Labor Law §§ 650 *et seq.* and 663, and 12 NYCRR 137-1.2.

57.     Upon information and belief, Defendants' failure to pay the Named Plaintiff and other members of the putative class minimum wages was willful.

58.     By the foregoing reasons, Defendants have violated New York Labor Law §§ 650

*et seq.* and 663 and 12 NYCRR 137-1.2, and are liable to Plaintiff and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, plus liquidated damages, interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
### <u>FLSA OVERTIME COMPENSATION</u>

59.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 58 hereof.

60.     Pursuant to 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

61.     WFG is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

62.     Plaintiff and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. §203(e).

63.     Plaintiff and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

64.     29 U.S.C. §213 exempts certain categories of employees from minimum wage and overtime obligations.  None of these exemptions apply to Plaintiff or other similarly situated employees.

65.     Upon information and belief, Defendants violated the FLSA by failing to pay

Plaintiff and other members of the putative collective overtime wages at a rate of one and one-half times the normal rate of pay for all hours worked over 40 in any given week.

66.     Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative collective their rightfully owed wages was willful.

67.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK OVERTIME COMPENSATION

68.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 67 hereof.

69.     WFG is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

70.     Plaintiff and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

71.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate...."

72.     New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

73.     Upon information and belief, Plaintiff and other members of the putative class

worked more than forty hours a week while working for Defendants.

74.     Upon information and belief, Plaintiff and other members of the putative class did not receive overtime compensation for all hours worked in excess of forty hours in any given week.

75.     Consequently, by failing to pay to Plaintiff and other members of the putative class overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2.

76.     Upon information and belief, Defendants' failure to pay overtime compensation to the Plaintiff and members of the putative class was willful.

77.     By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and members of the putative class action in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: <u>FAILURE TO PAY WAGES</u>

78.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 77 hereof.

79.     Pursuant to Article Six of the New York Labor Law, workers, such as the Plaintiff and other members of the putative class, are protected from wage underpayments and improper employment practices.

80.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

81.     As persons employed for hire by Defendants, Plaintiffs are "employees," as understood in Labor Law § 190.

82.     Pursuant to Labor Law § 190, the term "employer" includes any "person,

corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

83.    As entities that hired the Plaintiff, WFG is an "employer."

84.    Plaintiff's agreed upon wage rate and/or overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191.

85.    Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Plaintiff and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

86.    In failing to pay the Plaintiff and other members of the putative class wages, and overtime payments for time worked after forty hours in one week, Defendants violated Labor Law § 191.

87.    Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as the Plaintiff and other members of the putative class, that is not otherwise authorized by law or by the employee.

88.    By withholding wages, and overtime compensation from the Plaintiff and other members of the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to the Plaintiff and other members of the putative class.

89.    Upon information and belief, Defendants' failure to pay the Plaintiff and other members of the putative class wages and overtime compensation was willful.

90.    By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to the Plaintiff and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by WFG and/or any other entities affiliated with or controlled by WFG demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on their second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(4) on their fourth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs; and

(5) together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
      January 15, 2013

VIRGINIA & AMBINDER, LLP

By: _____
        Lloyd R. Ambinder
        James E. Murphy
        Suzanne B. Leeds
        111 Broadway, Suite 1403
        New York, New York 10006
        Tel:   (212) 943-9080
        Fax:   (212) 943-9082

        *and*

        Jeffrey K. Brown
        LEEDS BROWN LAW, P.C.
        One Old Country Road, Suite 347
        Carle Place, NY 11514
        Tel: (516) 873-9550
        Fax: (516) 747-5024

        *Attorneys for Plaintiff and Putative Class*